FILED
At 3:20 O'Clock P M

JAN 2 6 2016

LYNN STILLWELL
PHILLIPS COUNTY CIRCUIT CLERK
By_____D.C.

IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

MICHAEL AVANT and
MELISSA MORRIS                                                    PLAINTIFFS

VS.                          No. 54CV-2016-23

IOC-LULA, INC., d/b/a
ISLE OF CAPRI CASINO                                              DEFENDANT

## COMPLAINT

Come the Plaintiffs, Michael Avant and Melissa Morris, by and through their attorneys, the Etoch Law Firm, and for their Complaint against the Defendant, IOC-Lula, Inc., (hereinafter referred to as either "IOC" or "Defendant"), states:

1. Plaintiffs, Michael Avant and Melissa Morris are citizens and residents of Phillips County, Arkansas.

2. Defendant IOC is a foreign corporation that conducts business in the State of Mississippi. At all times mentioned herein, Defendant was operating as a casino located in Lula, Coahoma County, Mississippi. Defendant operates for the use of the general public. Defendant's casino is on the bank of the Mississippi River between the Mississippi and Arkansas levees. Defendant solicits and invites Arkansas residents to its establishment in a systematic and complex way through advertising and solicitation. Defendant also owns property and conducts business in Arkansas.

3. Jurisdiction and venue are proper in this Court pursuant to Ark. Code Ann. §16-60-108 and §16-60-112.

4. On or about the 30th day of August, 2015, Plaintiffs were customers and patrons at IOC. On said date at around 2 a.m., separate Plaintiff, Mrs. Morris was sitting at a game when she ordered a drink from a server that worked for Isle of Capri. The Isle

1


EXHIBIT "1"

of Carpi is responsible for the actions of its servers and employees through general principles of agency and respondeat superior. The server brought over the drinks and being very rude and abusive with Mrs. Morris. The server negligently and without any warning spilled a drink on Mrs. Morris. then the server then threw her tray full of drinks which included hot coffee towards Mrs. Morris and others. The server then without justification or cause began to attack Mrs. Morris in the casino. No one in the casino attempted to help Mrs. Morris or protect her from the attack. This incident resulted in serious injury to Mrs. Morris.

5. Separate Plaintiff, Mr. Avant, was in close proximity to Mrs. Morris when the incident occurred. During the incident, the server negligently and without warning or justification spilled her drinks on Mrs. Morris and Mr. Avant. One of the drinks spilled on Mr. Avant was hot coffee that was on the server's tray. The coffee severely burned Mr. Avant's chest and legs. It is believed and alleged that the coffee was not covered with a lid and the temperature of the coffee was too hot to carried through a crowed casino by a server on a tray.

6. Isle of Capri carelessly and negligently maintained a dangerous and unsafe condition which exposed patrons/customers/business invitees of its establishment to undue harm. Plaintiffs, at the time of the attack, were patrons/customers/business invitees at Defendant's casino.

7. The Isle of Capri and their employees were guilty of negligence, gross negligence and willful and wanton conduct which proximately caused the above described incident and the damages suffered by Plaintiffs. The Isle of Capri had an affirmative duty to control its employees conduct and to have sufficient security to break

2

up any altercation in their establishment. The above described incident should be on video, but the Isle of Capri has failed refused and neglected to provide Plaintiff or its Counsel a copy of said video even after diligent request by Plaintiff's Counsel. The video should show what occurred and if the video does not exist Plaintiff will be entitle to an instruction for spoliation of evidence.

8. Defendant operated its casino in such a negligent manner that as a proximate result separate Plaintiff, Mrs. Morris, sustained severe and permanent injuries to her head, neck and back, as well as a shock to her entire nervous system, causing her to experience excruciating mental and physical pain and suffering. Defendant also operated its casino in such a negligent manner that as a proximate result separate Plaintiff, Mr. Avant, sustained severe and permanent injuries to his chest and legs, as well as a shock to his entire nervous system, causing her to experience excruciating mental and physical pain and suffering.

9. As a proximate result of said injuries, Plaintiffs were compelled to and did incur expenses for medical care, hospitalization and other expenses. Mrs. Morris had her hair pulled out by the server and and the burns on Mr. Avant have caused what appears to be permanent disfigurement. As a further result of said injuries, Plaintiffs have undergone excruciating pain and suffering in the past and will continue to undergo such pain and suffering in the future.

10. Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Michael Avant and Melissa Morris, pray for judgment against the Defendant, IOC, for the following:

(a) $7,179.66 for the medical and special expenses incurred to this date by separate Plaintiff, Mrs. Morris, with 6% interest until the time of trial;

(b) $2,807.44 for the medical and special expenses incurred to this date by separate Plaintiff, Mr. Avant, with 6% interest until the time of trial;

(c) For an amount in excess of $$50,000.00 for separate Plaintiff's, Mrs. Morris, injuries to head, neck, and back, and her entire nervous system; said amount including her excruciating pain and suffering and mental anguish experienced in the past and that which she will undergo in the future and for her continuing medical expenses which will be incurred in the future with the exact amount to be determined by a jury;

(d) For and amount in excess of 50,000.00 for Plaintiff's injuries and burns to his chest and legs and shock to his entire nervous system; said amount including his disfigurement, his excruciating pain and suffering and mental anguish experienced in the past and that which he will undergo in the future and for his continuing medical expenses which will be incurred in the future; and

(d) For Plaintiffs' costs; a reasonable attorney fee; and all other relief to which Plaintiffs may be entitled to recover.

Respectfully submitted,

By: *Kyle Stoner*
Kyle Stoner (2015086)
Etoch Law Firm
P.O. Box 100
Helena, AR 72342
(870) 338-3591